Matter of Knight v City of New York (2021 NY Slip Op 06804)





Matter of Knight v City of New York


2021 NY Slip Op 06804


Decided on December 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 07, 2021

Before: Renwick, J.P., Mazzarelli, Singh, Mendez, Higgitt, JJ. 


Index No. 151725/20 Appeal No. 14774 Case No. 2020-04746 

[*1]In the Matter of Cavalier D. Knight, Petitioner-Appellant,
v
The City of New York et al., Respondents-Respondents.


Cavalier D. Knight, appellant pro se.
Georgia M. Pestana, Corporation Counsel, New York (Daniel Matza-Brown of counsel), for respondents.



Judgment (denominated decision and order), Supreme Court, New York County (Carol R. Edmead, J.), entered October 29, 2020, denying the petition seeking, among other things, to enjoin respondents from enforcing certain provisions of the New York State firearm licensing scheme, and granting respondents' cross motion to dismiss the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner's challenge to respondents' denial of his application for a carry business firearms license, which would allow him to carry concealed handguns in public places (Penal Law § 400.00[2][c]-[f]; 38 RCNY 5-23[b]), is not ripe for review. Although petitioner contends that he requires a concealed firearm for purposes of maintaining his business — through which he sells firearms, among other things — he has not applied for a New York firearm dealer's license, and respondents have not issued any final and binding determination on any such application (see Church of St. Paul & St. Andrew v Barwick, 67 NY2d 510, 520-521 [1986], cert denied 479 US 985 [1986]). Nor does it avail petitioner to argue that filing such an application would be futile, as he offers no support for that contention (see e.g. Matter of Guddemi v Rozzi, 210 AD2d 479, 480 [2d Dept 1994], appeal dismissed 85 NY2d 966 [1995], lv denied 86 NY2d 706 [1995]).
Even if this proceeding were ripe, it would be precluded by petitioner's prior article 78 proceeding under the doctrine of res judicata (Matter of Knight v Bratton, 48 Misc 3d 536, 538 [Sup Ct, NY County 2015]; see Simmons v Trans Express Inc., 37 NY3d 107, 111 [2021]).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2021